# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR D. FINCH, | CASE NO. 1:12-cv-00310-AWI-SKO PC |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| v. | |
| JAMES D. HARTLEY, et al., | |
| Defendants. | (Doc. 16) |

## Second Screening Order

**I.     Screening Requirement and Standard**

Plaintiff Arthur D. Finch, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 21, 2012. On October 11, 2012, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on October 29, 2012.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Discussion**

    **A.    Allegations**

Plaintiff is currently incarcerated at Salinas Valley State Prison, and he brings this action against Doctor Jasmine Biol, Registered Nurse Nancy L. Segrist, Warden James D. Hartley, and Doctor M. Boparai for failing to provide him with adequate medical care while he was at Avenal State Prison.

Plaintiff alleges that after he contracted Valley Fever, Defendant Biol discontinued his medication and treatment on or around September 13, 2011, despite his protests that he was still ill; and after requesting medical care for a number of months, he was seen by Defendant Segrist, who refused to treat him. After Plaintiff's lung biopsy came back positive, Defendant Biol again placed him back on medication, but he continues to suffer medical problems as a result of Valley Fever.

**B.    Legal Standard**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may

///

be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

### C.     Findings

Plaintiff's amended complaint sets forth no facts supporting his claim that Defendants Biol, Segrist, Hartley, and Boparai acted with deliberate indifference to his medical needs. Defendants Hartley and Boparai are not linked to any actions or omissions, and Plaintiff's disagreement with the course of treatment chosen by Defendant Biol to address his medical needs is not sufficient to support an Eighth Amendment claim. Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122-23. Further, an Eighth Amendment claim may not be premised on even gross negligence and the conclusory allegation that Defendant Segrist refused to treat him on one occasion does not support a claim. Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d 1122; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

## III.    Conclusion and Order

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously given notice of the deficiencies in his Eighth Amendment claim and the opportunity to amend. However, Plaintiff was unable to cure the deficiencies and further leave to amend is not warranted. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that:

1. This action is DISMISSED, with prejudice, for failure to state a claim under section 1983; and

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:   March 27, 2013**                      **/s/ Sheila K. Oberto**
                                                 UNITED STATES MAGISTRATE JUDGE